IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

SPYDERCO, INC., a Colorado corporation,

     Plaintiff,

v.

MATTHEW CHRISTENSEN d/b/a CHRISTENSEN KNIFEWORKS,
an individual,

     Defendant.

## COMPLAINT WITH JURY DEMAND

Plaintiff Spyderco, Inc. ("Spyderco"), for its Complaint against Defendant Matthew Christensen d/b/a Christensen Knifeworks ("Defendant"), alleges as follows:

### PARTIES

1. Spyderco is a Colorado corporation having a principal place of business at 820 Spyderco Way, Golden, Colorado 80403.

2. Upon information and belief, Defendant is an individual residing at 452 West Stanton Lane, Crete, Illinois 60417.

### JURISDICTION AND VENUE

3. This is a complaint for Trademark Infringement, Unfair Competition and False Designation arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) (Trademark Infringement) and 1125(a) (Unfair Competition and False Designation), and under Colorado common law of unfair competition.

1

4. This Court has original subject matter jurisdiction over Spyderco's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

5. The Court has personal jurisdiction over Defendant as Spyderco's claims arise from Defendant's transactions of business in this judicial district, as Spyderco's claims arise from Defendant's commission of tortious acts in this judicial district, and as Spyderco is being damaged in this judicial district by Defendant's tortious conduct.

6. Venue is proper in the district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

### A. Spyderco and Its Business

7. Spyderco is engaged in the business of, among other things, designing, developing, manufacturing and distributing knives and knife accessories throughout the United States, including Colorado, and the world.

8. Spyderco is the owner of U.S. Trademark Registration No. 2,033,317 for "knives, namely hunting, fishing, pocket, folding and sporting knives" in Class 8 ("Round Mark"). A true and accurate copy of the Round Mark Registration Certificate is attached hereto as Exhibit 1, which is incorporated herein by this reference.

9. Knives bearing the Round Mark were first commercially introduced by Spyderco in 1981. Since that time, these knives have been met with commercial success and consumer recognition such that the relevant consumers have coined the term "Spydie Hole" to refer to the distinctive Round Mark.

10. Spyderco has invested substantial time, creative effort and money in developing its highly distinctive, original and successful Round Mark. As a result of this and years of superior product development and consumer service, Spyderco has developed substantial consumer recognition, trust, loyalty and goodwill in and to its Round Mark.

11. Due to Spyderco's continuous and uninterrupted use of the Round Mark in interstate commerce for over thirty years, relevant consumers have come to associate the Round Mark exclusively with Spyderco, as supported by the consumers' coined term "Spydie Hole".

12. Due to Spyderco's extensive advertising and publicity of the Round Mark, the Round Mark has become widely recognized by the general consuming public in the United States and the world. Evidence of such recognition has been acknowledged by the registration of the Round Mark in Australia and Canada. True and accurate copies of the Australian and Canadian Registration Certificates are attached hereto as Exhibit 2, which is incorporated herein by this reference.

13. Spyderco, as a significant manufacturer and seller of knives bearing the Round Mark to consumers, has acquired strong common law trademark rights in and to the Round Mark.

  **B.** **Defendant And Its Infringing Conduct**

14. Upon information and belief, Defendant has been manufacturing various types of knives, including but not limited to, fixed blade and folding knives since January 2012.

15. Upon information and belief, Defendant manufactures, offers to sell, and sells a folding knife under the model name CK1. That knife incorporates a round hole in the blade, proximate to the handle, which is confusingly similar to the Round Mark ("Accused Product").

A true and accurate photograph of the Accused Product is attached hereto as Exhibit 3, which is incorporated herein by this reference.

16. Upon information and belief, Defendant advertises, offers to sell, and sells the Accused Product on various websites, including, but not limited to:

www.gearbastion.com at

(https://data.gearbastion.com/profile/FBBD4966819F4F75A4D52C2F4DD5F983/)

http://www.youtube.com/user/TheThor153

https://www.facebook.com/Defendant.knifeworks

Copies of the above website screenshots are attached as Exhibit 4, which is incorporated herein by this reference.

17. Upon information and belief, Defendant markets and sells the Accused Product to the same types of consumers as Spyderco.

18. Upon information and belief, Defendant is aware of Spyderco's rights in the Round Mark, as shown by the highlighted passage on his YouTube post. A copy of which is attached as Exhibit 5 and incorporated herein by this reference.

## COUNT I
### (Trademark Infringement Under § 32 of the Lanham Act)

19. Spyderco hereby incorporates paragraphs 1-18 of this Complaint as though fully set forth herein.

20. Spyderco owns a valid registration to the Round Mark in connection with knife products as shown in the attached Exhibit 1.

21. Defendant's use of a round hole on the Accused Product at the same position on the knife blade as the Round Mark is a colorable imitation and copy of Spyderco's Round Mark.

22. Defendant's use of such colorable imitation and copy of the Round Mark in connection with the sale, offering for sale, distribution, and advertising of this Accused Product is likely to cause consumer confusion, mistake, or deception as to the source of the Accused Product.

23. Defendant's conduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Spyderco.

24. Spyderco has been and continues to be harmed irreparably by Defendant's actions and has no adequate remedy at law.

## COUNT II
### (False Designation Under § 43(a) of the Lanham Act)

25. Spyderco hereby incorporates paragraphs 1-24 of this Complaint as though fully set forth herein.

26. Defendant's use of a round hole on the Accused Product that is confusingly similar to the Round Mark creates a likelihood of consumer confusion as to an affiliation,

connection, or association with Spyderco and/or as to the origin, sponsorship or approval of the Accused Product by Spyderco.

27. Defendant's unauthorized use of the Round Mark in connection with the marketing and sale of the Accused Product, despite knowing of Spyderco's rights in and to the Round Mark, is a willful violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. As a result of Defendant's unlawful actions, Spyderco has suffered commercial harm.

29. Spyderco has been and continues to be harmed irreparably by Defendant's actions and has no adequate remedy at law.

## COUNT III
### (Deceptive Trade Practices Under Colorado Common Law)

30. Spyderco hereby incorporates paragraphs 1-29 of this Complaint as though fully set forth herein.

31. Defendant's actions as described above have caused and are likely to cause confusion with the established and superior rights of Spyderco and otherwise unfairly compete with Spyderco. As such, Defendant's actions constitute unfair competition and/or misappropriation under Colorado common law.

32. As a result of Defendant's wrongful actions, Spyderco has suffered commercial harm.

33. Defendant's wrongful actions were committed with willful and wanton disregard for Spyderco's rights.

34. Spyderco has been and continues to be harmed irreparably by Defendant's actions, and Spyderco has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Spyderco prays for judgment in its favor and against Defendant as follows:

A.  That Defendant, his agents, servants, employees, attorneys, privies, representatives, successors, assigns and other related entities, and any and all persons in act of concert or participation with him, be preliminarily and permanently enjoined from:

(1) any further infringement of the Round Mark;

(2) any further direct or indirect use of Spyderco's Round Mark or any mark or trade dress which is confusingly similar thereto;

(3) performing any action or using any trade dress, or other mark or symbol which is likely to cause confusion or mistake, or to deceive or otherwise mislead the trade and/or the public into believing that Spyderco and Defendant are one and the same or in some way connected, or that Spyderco is the sponsor of Defendant, or that Defendant is in some manner affiliated or associated with, or under the supervision or control of Spyderco, or that Defendant's products originate with Spyderco, or are connected or offered with the approval, consent, authorization, or under the supervision of Spyderco;

(4) manufacturing, marketing or selling any product or material containing or utilizing Spyderco's intellectual property; or

(5) any other conduct constituting unfair competition with Spyderco.

B.  That Defendant be ordered to deliver to Spyderco for destruction, or certify destruction of, all products that infringe Spyderco's trade dress or any confusingly similar trade dress, used in connection with the manufacture, marketing or sale of folding knife products;

  C. That Defendant be ordered to file with the Court and serve on Spyderco, within thirty (30) days after the entry of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with any ordered injunction;

  D. That Spyderco be awarded damages in a reasonable amount to be proved at trial, for all infringing activities, including Spyderco's damages and lost profits, Defendant's profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement;

  E. That Spyderco be awarded treble actual damages and attorneys' fees;

  F. That Spyderco be awarded punitive damages;

  G. That Spyderco be awarded pre-judgment and post-judgment interest;

  H. That Spyderco be awarded costs and expenses, including expert witness fees; and

  I. That such other and further preliminary and permanent relief be awarded as the Court deems appropriate.

## JURY DEMAND

Spyderco hereby demands a jury trial on issues so triable.

           Respectfully submitted,

Dated: April 16, 2013      By: s/ Robert R. Brunelli
             Robert R. Brunelli
              rbrunelli@sheridanross.com
             James M. Burke
              jburke@sheridanross.com
             Donna P. Gonzales
              dgonzales@sheridanross.com
             SHERIDAN ROSS P.C.
             1560 Broadway, Suite 1200
             Denver, Colorado 80202
             (303) 863-9700
             litigation@sheridanross.com
           ATTORNEYS FOR PLAINTIFF